IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE EARL ROBERTS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv396 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Bennie Roberts, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Roberts was convicted of delivery of a controlled substance, receiving a sentence of 30 years in prison. His conviction was reversed twice by the Twelfth Judicial District Court of Appeals, but the Court of Criminal Appeals reversed the appellate court each time. Roberts' conviction was ultimately affirmed.

In his federal habeas petition, Roberts raised four issues. These were that the trial court conducted an unauthorized *sua sponte* jury shuffle after voir dire, prosecutorial misconduct, limitation of cross-examination of an adverse witness, and a violation of the Ex Post Facto Clause in that when his conviction was finally affirmed by the Twelfth Court of Appeals, that court cited a case which had not been rendered when the offense was committed, while at the same time saying that his punishment was appropriate because it was within the range of punishment which existed at the time that the offense was committed.

The Magistrate Judge ordered the Respondent to answer the petition, and received copies of the state court records. On July 28, 2006, the Magistrate Judge issued a Report recommending that Roberts' petition be dismissed. The Magistrate Judge carefully went through each of Roberts' grounds for relief and concluded that none of them had merit.

Roberts filed objections to the Magistrate Judge's Report on September 7, 2006. In his objections, Roberts points to an affidavit submitted by his father, Benel Roberts. In his affidavit, Benel Roberts says that he, not his son, was the person who had sold the drugs to the undercover agent, Barbara Crowe, and was guilty of the offense in this case. Roberts also notes that the police report contains the name "Benel Roberts" and says that his father had testified at trial that he, not his son, had sold the drugs in question.[1]

This ground for relief was not raised in Roberts' original petition for habeas corpus relief, but is presented for the first time in his objections. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Consequently, this contention is not properly before the Court.

Perhaps more significantly, Roberts has never presented this ground for relief to the Texas Court of Criminal Appeals; he does not make this allegation in his state habeas corpus petition or on his direct appeal of his conviction. Consequently, this contention has never been exhausted through the state courts, and have thereby been procedurally defaulted. *See* Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

---

[1] In fact, a review of Benel Roberts' testimony at trial shows that he admitted to selling drugs to Crowe in August of 1993, not in September of 1993 when the present offense occurred. Statement of Facts, vol. VI, pp. 13-14. Benel Roberts stated that he is currently in prison for selling drugs to Crowe in August and October of 1993. Statement of Facts, vol. VI, p. 19. Crowe said that she knew that Roberts was Benel's son and that she thought he might have been called Benel Roberts Jr., but that the "Benel Roberts" on her report was an error. Statement of Facts, vol. V, pp. 20-21, 141, 160. She unequivocally identified Bennie Earl Roberts as the person who had sold her the drugs on the occasion in question.

Roberts seeks to evade the procedural default by arguing that the affidavit from his father shows that he is actually innocent. The Fifth Circuit has held that to establish actual innocence so as to overcome a procedural default, the petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bosley v. Cain, 409 F.3d 657, 662 (5th Cir. 2005). Roberts has failed to meet this standard; as noted above, his father testified that he had sold drugs to Crowe in August and October of 1993, not in September as the indictment in this case alleges, and Crowe specifically identified the Defendant in this case, Bennie Earl Roberts, as the person who sold her the drugs on the occasion in question. She stated that she knew Benel Roberts but had never met Bennie Earl Roberts, that the person from whom she bought the drugs on this occasion was Bennie Earl Roberts, and that when she and the confidential informant drove to where Bennie Earl Roberts was standing, the informant's first question to him was "where's your father?" (Statement of Facts, vol. V, pp. 19-21). Because Roberts has not made the requisite showing, his claim - raised for the first time in his objections to the Magistrate Judge's Report - that he is actually innocent of the offense because it was his father rather than he who committed the crime - is procedurally defaulted and is not a valid basis for objecting to the Report.

The only mention which Roberts makes in his objections of the grounds raised in his petition comes in one sentence at the end: he says that "it cannot be said that the jury shuffle sua sponte, the violation of the discovery order, and the right to be able to confront and cross-examine my witness against me did not defeat my U.S. Constitutional rights under the 6th and 14th Amendments." This bare and conclusory assertion offers no basis for setting aside the Report of the Magistrate Judge. Roberts' objections are without merit.

The Court has conducted a careful *de novo* review of the Petitioner's allegations, the answer filed by the Respondent, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 14th day of September, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE